# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>MAXITO KARL PEAN,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-8374-WM |

FILED by _____ D.C.

AUG 2 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __4/1/2013 - 8/13/2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Sections 922(e) and 554(a) | knowingly delivering firearms and ammunition to a common carrier for shipment in foreign commerce, to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, without written notice to the carrier that firearms and ammunition were being shipped, and attempting to export firearms and ammunition, contrary to law, from the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anderson Sullivan, Special Agent, ICE-DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 22, 2013

_____
*Judge's signature*

City and state: West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Anderson Sullivan, being duly sworn do solemnly swear and depose that:

1. I am a Special Agent assigned to the U.S. Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. In total, I have about 15 years of federal law enforcement experience.

2. As an HSI Special Agent, my duties and responsibilities include conducting criminal investigations pertaining to Titles 18, 19, and 22, of the United States Code (U.S.C.) and the Code of Federal Regulations (C.F.R.). As a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the U.S.C. and the C.F.R. as enumerated in Titles 18, 19, and 22. I have obtained experience from numerous investigations involving firearms smuggling, other Customs and Firearms laws.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to arrest **Maxito Karl PEAN**, YOB 1963, for knowingly delivering firearms and ammunition to a common carrier for shipment in foreign commerce, to a person other

than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, without written notice to the carrier that firearms and ammunition were being shipped, in violation of Title 18, United States Code, Section 922(e), and attempting to export firearms and ammunition, contrary to law, from the United States in violation of Title 18, United States Code, Section 554(a).

4. On Tuesday, July 30, 2013, U.S. Customs and Border Protection (CBP) Officers examined a 1997 Freight truck at the Port of Palm Beach, located in Riviera Beach, Florida, in the Southern District of Florida. The 1997 Freight truck (VIN: 1FV3HFAC5VH884323) was scheduled for export to St. Marc, Haiti by **PEAN** via Monarch Shipping Lines (Monarch), Dock Receipt # 130223.

5. During the physical inspection, the CBP Officers discovered large gift-wrapped box. Removing the wrapping paper revealed the box displayed manufacturer's markings for a gun safe. CBP officers noticed tape and glue on the box flaps, indicating the box had been previously opened and resealed. A CBP a firearms detector canine positively alerted to the contents within the safe. CBP Officers opened the gun safe and discovered a cache of firearms and ammunition.

6. Further inspection of the truck revealed more boxes of ammunition and magazines concealed among the furniture and personal effects.

7. In all CBP Officers seized the following firearms, ammunition, and magazines:

   Firearms:
   - New England Firearms model Pardner SBI, .410 gauge shotgun, serial number NK 426654
   - Mossberg model 500 12 gauge shotgun, serial number U434609
   - Mossberg model 500 12 gauge shotgun, serial number U435125
   - Mossberg model 500 12 gauge shotgun, serial number U490186

2

- Smith & Wesson MP 15 5.56 mm NATO / .223 caliber rifle, serial number ST19785
- Smith & Wesson MP 15 5.56 mm NATO / .223 caliber rifle, serial number ST20419
- CBC model Mossberg International 22 LR caliber rifle, serial number MB3649909
- Keltec sub-rifle 2000, .40 caliber rifle, serial number EGP66
- Beretta PX4 9mm pistol, serial number PX5885U
- Smith & Wesson model SW40VE .40 caliber pistol, serial number PUT0137
- Smith & Wesson model SW40VE .40 caliber pistol, serial number DUM3131
- Smith & Wesson model SW40VE .40 caliber pistol, serial number HEJ7374.

Ammunition:

- 75 rounds, 12 gauge ammunition
- 80 rounds, .223 caliber ammunition
- 479 rounds, .22 LR ammunition
- 500 rounds, 9mm ammunition
- 150 rounds, .40 ammunition
- 42 rounds, .410 ammunition

Magazines:

- Nine (9) .223 magazines
- Six (6) Smith & Wesson fourteen (14) round magazines
- One (1) .22 LR magazine

8. According to export documents obtained from Monarch, the 1997 Freight truck is titled to **PEAN**. A photocopy of **PEAN's** Florida driver's license was contained in the export documents. The 1997 Freight truck was delivered to Monarch for export to Haiti on or about June 26, 2013 and **PEAN** is identified as the shipper and consignee. On August, 13, 2013, **PEAN** filled out a "Contents List" at the Monarch receiving office at the Port of Palm Beach. On the Contents List, **PEAN** was did not list any firearms or ammunition

3

as cargo within his 1997 Freight truck. Nor did **PEAN** advise Monarch, a common carrier, on any other written document that he was shipping firearms and/or ammunition.

9. According to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) records, **PEAN** purchased the following firearms on or about April 1, 2013 from B & H Gun Rack, Inc., a Federal Firearms Licensee, located in Merritt Island, Florida:

   - Beretta PX4 9mm pistol, serial number PX5885U
   - Beretta PX4 9mm pistol, serial number PX7786U

   The Beretta PX4 9mm pistol, serial number PX5885U, was one of several firearms seized from PEAN'S 1997 Freight truck.

10. ATF records also show **PEAN** purchased the following firearms on or about June 21, 2013 from Affordable Gun and Pawn, Inc., a Federal Firearms Licensee, located in Melbourne, Florida:

    - Smith & Wesson model SW40VE .40 caliber pistol, serial number PUT0137
    - Smith & Wesson model SW40VE .40 caliber pistol, serial number DUM3131
    - Smith & Wesson model SW40VE .40 caliber pistol, serial number HEJ7374.

    All three (3) of the these pistols were seized from **PEAN's** 1997 Freight truck.

11. According to ATF records **PEAN** is not a licensed firearms importer, manufacturer, dealer, or collector.

12. Based on the forgoing, I believe probable cause exists to establish that **PEAN** knowingly delivered firearms and ammunition to a common carrier for shipment in foreign commerce, to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, without written notice to the carrier that firearms and ammunition were being shipped, in violation of Title 18, United States Code, Section

922(e), and for attempting to export goods, firearms and ammunition, contrary to law, from the United States in violation of Title 18, United States Code, Section 554(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
ANDERSON B. SULLIVAN, Special Agent
Homeland Security Investigations

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 22nd DAY OF AUGUST, 2013, IN
WEST PALM BEACH, FLORIDA.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8374-WM

UNITED STATES OF AMERICA

vs.

MAXITO KARL PEAN,

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: /s/ Brandy Brentari Galler
BRANDY BRENTARI GALLER
ASSISTANT UNITED STATES ATTORNEY
Brandy.Galler@usdoj.gov
Admin. No. A5501296
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777